State vs. Delaneuville.

## No. 12,010.

### THE STATE VS. GEORGE DELANEUVILLE.

The court applies the rule excluding proof of contradictory statements of a witness, unless his attention has been first directed to the statements and the opportunity for explanation thus afforded him, 1 Greenleaf on Ev , Sec. 462.

Such statements, the required basis for the proof of them previously supplied, are admissible to impeach the credit of the witness; if the statements are sought to be put in evidence for any other purpose they are inadmissible because hearsay.

APPEAL from the Twenty-first Judicial District Court for the Parish of St. John the Baptist. *Rost, J.*

*M. J. Cunningham*, Attorney General, *P. E. Edrington*, District Attorney, (*A. E. Billings*, of Counsel), for Plaintiff, Appellee.

*H. N. Gautier*, for Defendant, Appellant.

Submitted on briefs February 15, 1896.
Opinion handed down February 24, 1896.

The opinion of the court was delivered by

MILLER, J. The defendant appeals from a sentence for burglary.

He relies on a bill of exceptions to the ruling against the question whether the prosecuting witness had not made statements to the witness on the stand in reference to the facts of the case. On objection the court refused to permit the question on the ground it was thus sought to impeach the testimony of the prosecuting witness without previously asking him the usual questions as to the statements claimed to have been made by him.

The argument is that the bill concedes the testimony sought to be introduced was to impeach that of the prosecuting witness by contradicting him, which it is claimed was the right of the defendant. The right of contradicting the State's witness by competent testimony is undoubted. But the statements of the prosecuting witness to the witness on the stand were inadmissible, because hearsay. If admitted it is to impeach the credit of the State's witness by proof of his contradictory statements, but such proof is not per-

State ex rel. Armstrong vs. Judge.

mitted unless the attention of the witness is first called to the imputed contradiction and an opportunity thus afforded him of explanation. 1 Greenlief on Evidence, par. 462. The judge of the lower court applied this rule. The argument for defendant attaches importance to the expression of the judge in signing the bill, that the testimony was offered to impeach the testimony instead of the credit of the witness. This is a mere verbal distinction. Then, too, if the ruling was manifestly right the reason assigned is immaterial.

It is therefore ordered, adjudged and decreed that the sentence be affirmed with costs.